```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH BERRY,

                 Plaintiff,

-against-

MEDIACOM COMMUNICATIONS CORP.,

                 Defendant.

1:22-cv-5183-MKV

ORDER

---

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff brought this putative class action against her former employer, a cable television provider, alleging that the employer failed to compensate her and others for the few minutes they spent each morning booting up their computers. Plaintiff also alleged that the employer failed to comply with state-mandated recordkeeping requirements. For these alleged violations, Plaintiff brought claims under the Fair Labor Standards Act ("FLSA") and Iowa Wage Payment Collection Law ("WPCL"), in addition to claims for breach of contract and unjust enrichment.

      Rather than undergo protracted litigation over minutes of uncompensated time, the Parties agreed to an early settlement. That is all well enough. But the Court must review all FLSA settlements for fairness, and the Parties have not provided enough information for the Court to perform that duty. The Court has been advised of nothing more than that Plaintiff will receive $2,000 in the settlement and that her attorney will get almost triple that amount. The Court needs more than this scant information to perform a thorough fairness review. Approval of the settlement is therefore denied without prejudice to renewal with proper support which addresses the Court's concerns.

## **DISCUSSION**

In keeping with FLSA's purpose of ensuring workers "a fair day's pay for a fair day's work," settlement of FLSA claims requires approval by either the Court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No. 07-cv-11098, 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010) (internal quotation marks omitted) (alterations adopted). In so doing, the Court considers the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10-cv-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

For the Court to evaluate a proposed settlement agreement for fairness, the parties "must provide enough information for the court to examine the bona fides of the dispute." *Mamani v. Licetti*, No. 13-cv-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (citation omitted). This requires information on "the nature of plaintiff's claims, the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Flores-Mendieta v. Biteford Ltd.*, No. 15-cv-4997, 2016 WL 1626630, at *1 (S.D.N.Y. Apr. 21, 2016) (internal quotation marks omitted) (alterations adopted). If they dispute the calculation of wages owed, the parties "must provide each party's

estimate of the number of hours worked and the applicable wage." *Id.* (internal quotation marks omitted).

Furthermore, to assist the Court in evaluating proposed attorneys' fees, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336. This includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). While "the retainer agreement between plaintiff and his counsel is not dispositive as to a proper division between them of the settlement," that agreement "must nevertheless be considered by the Court." *Cuevas v. Our Child. First, Inc.*, No. 19-cv-7322, 2019 WL 7815619, at *1 (S.D.N.Y. Dec. 4, 2019) (internal quotation marks omitted).

The Parties' submission does not provide enough information for the Court to review meaningfully the proposed settlement agreement. There are no specifics regarding the negotiation process, Plaintiff's maximum possible recovery, or the likelihood of Plaintiff's success on the merits. *See Mamani*, No. 13-cv-7002, 2014 WL 2971050, at *2. The Parties merely provide the settlement figure and note that there is a dispute as to whether Plaintiff worked without pay for up to ten minutes each day. Everything else in the four-page joint letter is stock language that could apply to any settlement for any FLSA case. That simply will not do.

In addition, Plaintiff's counsel fails to provide sufficient information for the Court to determine whether the attorneys' fees are reasonable. Plaintiff's counsel provides a list of tasks he performed and states that these tasks totaled 17.6 billable hours. Block billing of this sort precludes meaningful review; the hours must be broken down, or risk being reduced. *See Sheet Metal Workers' Nat'l Pension Fund v. Coverex Corp. Risk Sols.*, No. 09-cv-121, 2015 WL 3444896, at *12 (E.D.N.Y. May 28, 2015) ("Courts may also make reductions for block-billing, . . . because

block-billing makes it difficult if not impossible for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided." (internal quotation marks omitted)). And this deficiency is only compounded by the fact that the Court has not been provided a copy of the retainer agreement between Plaintiff and her counsel, nor has the Court been advised of the relevant terms contained therein.

The Court further notes that the amount of attorneys' fees and costs requested in this case, $5,500, is more than 70% of the total payout of $7,500. In *Cheeks*, the Second Circuit noted that the potential for abuse in FLSA cases was highlighted by a series of settlements that district courts had previously rejected, including one which "would set the fee for plaintiff's attorney at between 40 and 43.6 percent of the total settlement payment without adequate documentation to support such a fee award." 796 F.3d at 206 (internal quotation marks omitted). If the fees in that case were suspect, on the record provided, the fees in this case cannot survive scrutiny. Accordingly, the Court cannot approve Plaintiff's counsel's request for fees without further information.

## CONCLUSION

For the reasons explained above, on the record before it, the Court cannot approve the settlement as currently proposed. The Parties are hereby ordered to submit an amended request for judicial approval of the proposed settlement agreement on or before December 15, 2022.

**SO ORDERED.**

Date:  **November 15, 2022**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

4