USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH BERRY,

                Plaintiff,

        -against-

MEDIACOM COMMUNICATIONS CORP.,

                Defendant.

1:22-cv-5183-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

The parties previously informed the Court that they had reached an agreement to settle this case [ECF No. 22] and filed copies of the proposed settlement agreement and documentation regarding the purported fairness of the settlement.  [ECF No. 22-1].  After reviewing the documents, the Court found there to be insufficient information to assess the fairness of the settlement, including the award of attorneys' fees, and thus declined to approve the settlement as it was proposed.  [ECF No. 23].  In response, the parties submitted additional information regarding the settlement [ECF No. 24] and attached billing records as well as (for the first time) the retainer agreement between plaintiff and her counsel.  [ECF No. 24-1].

The Court has reviewed these documents for fairness in accordance with the Fair Labor Standards Act and Second Circuit law.  *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).  In so doing, the Court has observed that the parties have remedied nearly all of the deficiencies that were previously identified.  The parties provided a more robust explanation of the negotiation process (documenting the arm's-length negotiations between experienced counsel); outlined the Plaintiff's best-case scenario (a potential recovery of $458.63); and noted the challenges that Plaintiff would face if she were to proceed to trial (proving that the defendant's failure to pay for time worked was willful).  Based on the record now before it, the

Court finds that the settlement agreement is fair and reasonable in these respects.  Indeed, the settlement amount of $7,500, with $2,000 of that going straight into the Plaintiff's pocket, suggests a strong result for the Plaintiff, who brought this case "over minutes of uncompensated time."  ECF No. 23.

But there is a problem with the fees.  According to the terms of the settlement agreement, Plaintiff's counsel stands to receive $5,500, which amounts to more than 70% of the total payout. A percentage payout in that range is arresting; but it is not (on its own) disqualifying.  *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) ("Even if helpful . . . the percentage of attorneys' fees cannot be the determinative factor in evaluating the reasonableness of the award.").  What makes this percentage so troubling—or, more precisely, unreasonable—is that it is nearly double what counsel and Plaintiff had agreed to in the relevant retainer agreement.

The retainer agreement at issue states that "[t]he attorney fee is the greater of [1] 40% of any settlement or verdict obtained or [2] the amount awarded by the Court in connection with any class settlement or verdict."  ECF No. 24-1 at 5.  The latter option cannot apply here, since there has been no "*class* settlement or verdict."  Thus, pursuant to the terms of the retainer agreement, counsel is entitled to 40% of the settlement.  Had counsel wanted to leave the door open to a higher award, which would be based on an hourly rate, he could have bargained for as much in the retainer agreement.[1]  But the retainer agreement does not provide for the possibility that counsel will be compensated based on an hourly rate—which counsel now pegs at $350.

---

[1] Retainer agreements that provide for the greater of a percentage fee or lodestar fee appear to be fairly routine.  *See, e.g., Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 230 n.1 (S.D.N.Y. 2016); *Chen Chen v. Taylor Freres Americas Grp.*, No. 17-cv-6539, 2018 WL 6173711, at *2 (S.D.N.Y. Nov. 26, 2018).

Thus, having agreed to a fee of 40%, there is nothing reasonable about asking for roughly double that as the payments get doled out.

Accordingly, the Court cannot approve the settlement as currently proposed. However, the parties are more than welcome to try again. *See Fisher*, 948 F.3d at 597 ("When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it."). Any revised settlement agreement must be submitted for approval by February 27, 2023.

**SO ORDERED.**

**Date:  January 26, 2023**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**