# EXHIBIT A

# CONFIDENTIAL AMENDED SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Amended Settlement Agreement and Release (the "Agreement") is made and entered into by and between Elizabeth Berry, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Plaintiff"), on the one hand, and Mediacom Communications Corporation (hereinafter "Defendant"), on the other hand.

**WHEREAS**, on or about June 23, 2022, Plaintiff commenced an action against the Defendant in the United States District Court for the Southern District of New York (the "Court"), in the action entitled *Elizabeth Berry v. Mediacom Communications Corporation*, 22-CV-5183 (MKV) (the "Complaint" or the "Action"), in which she alleged wage and hour claims under the Fair Labor Standards Act ("FLSA") and the Iowa Wage Payment Collection Law ("WPCL");

**WHEREAS**, Defendant denies all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of the claims asserted in the Action or otherwise;

**WHEREAS**, Defendant and Plaintiff (collectively referred to as the "Parties") desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and time of further litigation and without admission of liability or wrongdoing by anyone;

**WHEREAS**, the Court approved the $2,000.00 proposed settlement payment to Plaintiff and denied the proposed payment of attorneys' fees and costs of $5,500.00 (ECF 25);

**WHEREAS**, the parties re-negotiated their settlement to permit a payment of $2,000.00 to Plaintiff and a proposed payment of attorneys' fees and costs representing 40% of the total settlement payment;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

**1.**     **Consideration**: In full settlement and final satisfaction of any and all FLSA and WPCL wage-and-hour claims that Plaintiff has, had, or may have against the Defendant, including, but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiff of claims asserted against Defendant set forth in Paragraph 3, Defendant shall pay Plaintiff and her counsel the total sum of THREE THOUSAND THREE HUNDRED THIRTY THREE DOLLARS AND THIRTY THREE CENTS ($3,333.33) ("Settlement Amount").

(a)     **Breakdown of Settlement Amounts**: The breakdown of the Settlement Amount to Plaintiff and Plaintiff's Counsel shall be as follows:

| | |
|---|---|
| Elizabeth Berry | $2,000.00 |
| Johnson Becker PLLC | $1,333.33 |

The breakdown of settlement amounts in this Paragraph 1(a) represents the gross amount that Plaintiff and Plaintiff's Counsel shall receive from the Settlement Amount. The Settlement Amount shall be paid pursuant to the terms set forth in this Agreement.

(b) **Breakdown of Settlement Amounts By Payment Type (W-2 or 1099 Payments):**

(i) **Elizabeth Berry**

(1) Defendant will issue a check made payable to "Elizabeth Berry" in the total gross amount of One Thousand Dollars and Zero Cents ($1,000.00), less applicable tax withholdings and deductions required by law, representing payment for any and all allegedly unpaid minimum wages, overtime, and any other wages under the FLSA and WPCL. Defendant shall issue Plaintiff an IRS Form W-2 with respect to this payment.

(2) Defendant will issue a check made payable to "Elizabeth Berry" in the total gross amount of One Thousand Dollars and Zero Cents ($1,000.00), representing payment for alleged liquidated damages and penalties under the FLSA and WPCL. No tax withholdings or deductions shall be taken from this payment. Defendant shall issue Plaintiff an IRS Form 1099-MISC with respect to this payment.

(ii) **Johnson Becker PLLC:**

(1) Defendant will issue a check made payable to "Johnson Becker PLLC" in the total amount of One Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($1,333.33) representing payment for Plaintiff's attorneys' fees, costs and expenses incurred in this matter, whether those fees and costs were incurred by Johnson Becker PLLC, and/or any other law firm or attorney. Defendant shall issue Plaintiff and Johnson Becker PLLC an IRS Form 1099-MISC with respect to this payment.

(c) **Court Approval of Settlement and Dismissal:**

(i) This Agreement will be submitted to the Court for its review pursuant to 29 U.S.C. § 216(b) along with a Joint Letter Motion for Approval of the Settlement Agreement and a Proposed Order of Dismissal. This Agreement shall not be effective unless and until (a) the Court approves the Agreement, (b) the Court dismisses the Complaint, and (c) the Court retains exclusive and continuing jurisdiction over this Action for the purpose of supervising the implementation, enforcement, construction, administration, and interpretation of this Agreement. In the event that the conditions set forth in items (a), (b) and (c) above do not occur, then this Agreement will be null and void *ab initio*, the Parties shall have no further obligations hereunder, and the Parties shall return to the *status quo ante* in the Action as if this Agreement had not been reached. The settlement payments set forth in Paragraph 1 shall be due and payable and sent to Plaintiff's Counsel, Johnson Becker PLLC, within twenty (20) days after the later of the following: (1) the Court's order approving the Settlement Agreement, and dismissing the Action, and (2) Defendant's receipt of executed W-9 Forms from Johnson Becker PLLC and completed W-4 and W-9 Forms from Plaintiff.

2. **Full Payment**: Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel. This amount shall include compensation for alleged

damages to Plaintiff and for any and all harm which she may have suffered because of any acts or omissions of the Defendant as alleged in the Action or relating to any wage-and-hour claims, including but not limited to for claims for unpaid wages, minimum wages, overtime pay, or any other remuneration under state and federal law or common law. Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

       **3.**     **Release of Wage and Hour Claims by Plaintiff:** In exchange for the payments identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, Plaintiff, on her own behalf and on behalf of her descendants, dependents, heirs, executors, administrators, attorneys, agents, successors, and assigns, fully, finally and forever agree unconditionally to release and discharge the Defendant and any and all related or affiliated businesses or business entities, including, but not limited to, parent entities, successors, their present and former shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives, and all persons acting in concert with them (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the Iowa Wage Payment Collection Law and its ancillary regulations, and/or any federal, state or local wage statute, code, or ordinance concerning wage and hour matters, from the beginning of time through the date of this Agreement.

       This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, tips and/or gratuities, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, call-in pay, bonuses, off the clock work, expenses, reimbursements, gratuities or any other remuneration during Plaintiff's alleged employment with any Defendant and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action.

       **4.**     **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Defendant and Releasees concerning any matter released in this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendant will be entitled to seek recovery of their costs, including its reasonable attorney's fees, relating to the Defendant's enforcement of this Agreement and/or defense of such claims.

       **5.**     **Submission to Court for Approval and Dismissal**:

       The Parties intend for Plaintiff to waive any and all claims related to their wages, compensation or any other remuneration they may have against Defendant, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Letter Motion for Approval of the Settlement Agreement and a proposed Order of Dismissal after full execution of this Agreement.

       Court approval and dismissal of this Action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter and Order of Dismissal renders this Agreement null and void and no payments shall be distributed by Plaintiff's Counsel to the Plaintiff pursuant to Paragraph 1 of the Agreement.

       **6.**     **Taxes and Withholding**: Plaintiff expressly acknowledges and agrees that she is responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by her with respect to the above payments in Paragraph 1. If any taxing body

determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above in Paragraph 1, Plaintiff acknowledges and assumes all responsibility for paying those amounts and further agrees to indemnify and hold Defendant harmless for payment of any additional taxes and any interest and penalties thereon In the event any taxing authority looks to Plaintiff regarding payment of taxes, interest, or penalties resulting in any way from Defendant's failure to withhold and pay its share of payroll taxes and other required employer withholdings, or failure to accurately report the W-2 and Form 1099 payments made to Plaintiff pursuant to this Agreement, Defendant agrees to indemnify and hold Plaintiff harmless from payment of any such taxes, interest, penalties or other expenses incurred in connection with such claims.

**7.** **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendant further denies each and every allegation of wrongdoing made by Plaintiff and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

**8.** **Bona Fide Dispute**: After consultation with her counsel, and in consideration of all the facts and circumstances surrounding her alleged employment with any Defendant, Plaintiff agrees this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiff could prevail on the merits of her claims, and that the amounts being paid to Plaintiff, as set forth in Paragraph 1, are a fair and reasonable resolution to these *bona fide* disputes. Plaintiff stipulates and agrees that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding her entitlement to statutory wages, including minimum wage compensation, liquidated damages, penalties, and any other relief under the FLSA and WPCL.

**9.** **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

**10.** **No Other Complaints or Charges**: Plaintiff hereby represents that other than the Action, she has no pending actions, administrative charges or complaints, grievances or arbitrations involving any of the released claims against any of the Releasees. Moreover, Plaintiff is currently unaware of any other claims other than those alleged in this lawsuit relating to her employment with Defendant.

**11.** **Severability**: The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**12.** **Governing Law**: This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

**13.** **Jurisdiction**: The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any

action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

**14.** **Assignment of Claims**: Plaintiff hereby represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**15.** **Voluntary Agreement**: Plaintiff represents and agrees that:

(a) She is not suffering from any impairment that would render her incapable of reading, considering and understanding the terms of this Agreement, and are fully able to read, consider and understand the terms of this Agreement, all of which have been explained to her;

(b) She has signed this Agreement freely and voluntarily and without duress;

(c) No promise or representation of any kind or character, other than those contained in this Agreement, have been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(d) She was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

**16.** **Full and Complete Agreement**: This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

**17.** **Waiver**: No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein. The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

**18.** **Fair Meaning**: The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

**19.** **Counterparts**: This Agreement may be executed in facsimile, pdf and/or electronic counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

**20.** **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

   **21.** **Facsimile/Email**:  An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

   **22.** **Notices**:  All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendant's Counsel or Plaintiff's Counsel, respectively, as follows:

 Defendant's Counsel:

    James F. Horton, Esq.
    Littler Mendelson, P.C.
    900 Third Avenue
    New York, New York 10022
    (212) 583-2660
    jfhorton@littler.com

    Jeremy W. Hawpe, Esq.
    Littler Mendelson, P.C.
    2001 Ross Avenue, Suite 1500
    Dallas, TX 75201-2931
    (214) 880-8147
    JHawpe@littler.com

 Plaintiff's Counsel:

    Jacob R. Rusch, Esq
    Zackary S. Kaylor, Esq
    JOHNSON BECKER PLLC
    444 Cedar Street, Suite 1800
    Saint Paul, MN 55101
    (612) 436-1800
    jrusch@johnsonbecker.com
    zkaylor@johnsonbecker.com

Any Party may give notice of change of address in writing as set forth in this Paragraph.  If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

   **23.** **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

   **24.** **Neutral Reference:**  In response to a request for a reference with respect to any Plaintiff, Defendant will provide the Plaintiff's dates of employment and job title only.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS**

VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HER ATTORNEY BEFORE SIGNING THIS AGREEMENT.

**AGREED:**

**PLAINTIFF**
**ELIZABETH BERRY**

*beth berry (Feb 3, 2023 13:02 CST)*

Dated: Feb 3, 2023

*Approved as to Form:*
**JOHNSON BECKER PLLC**

By: Zackary Kaylor

Dated: February 3, 2023

**DEFENDANT**

**MEDIACOM COMMUNICATIONS CORP.**

By: Bruce Gluckman

Dated: 2/3/2023 | 2:19 PM PST

*Approved as to Form:*
**LITTLER MENDELSON, P.C.**

By:

Dated:

# Final - Berry v. Mediacom Amended Settlement Agreement

Final Audit Report                                                                     2023-02-03

| | |
|---|---|
| Created: | 2023-02-03 |
| By: | Zack Kaylor (zkaylor@johnsonbecker.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAdkgQAtba1xELjoOz_qw0hJXt1BPKLtSb |

## "Final - Berry v. Mediacom Amended Settlement Agreement" History

- Document created by Zack Kaylor (zkaylor@johnsonbecker.com)
  2023-02-03 - 5:57:17 PM GMT- IP address: 209.63.54.220

- Document emailed to bethierb5@gmail.com for signature
  2023-02-03 - 5:57:47 PM GMT

- Email viewed by bethierb5@gmail.com
  2023-02-03 - 7:00:50 PM GMT- IP address: 174.215.246.66

- Signer bethierb5@gmail.com entered name at signing as beth berry
  2023-02-03 - 7:02:20 PM GMT- IP address: 174.215.246.66

- Document e-signed by beth berry (bethierb5@gmail.com)
  Signature Date: 2023-02-03 - 7:02:22 PM GMT - Time Source: server- IP address: 174.215.246.66

- Agreement completed.
  2023-02-03 - 7:02:22 PM GMT

Adobe Acrobat Sign